IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civil No.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | **DECLARATION OF JEFFREY** |
| v. ) | **WAGNER IN SUPPORT OF** |
| ) | **PETITION TO ENFORCE** |
| CRISANDRA J. THORNTON, ) | **INTERNAL REVENUE SERVICE** |
| ) | **SUMMONS** |
| Respondent. ) | |

Jeffrey Wagner declares pursuant to 28 U.S.C. § 1746(1):

1. I am a duly commissioned revenue officer employed in the Small Business/Self Employed Division Midwest Compliance Area of the Internal Revenue Service located at 1550 American Blvd. E, Suite 500, Bloomington, Minnesota 55425.

2. Jeffrey Wagner is a pseudonym I used in my official capacity as an officer of the IRS. The pseudonym, used for privacy and safety reasons, has been registered with the IRS in accordance with all IRS procedures governing the use of pseudonyms (Internal Revenue Manual 10.5.7).

3. In my capacity as a revenue officer, I am conducting an investigation into the federal income tax liability of Respondent John K. Thornton for the calendar years ending: 2001, 2002, and 2003.

4. Pursuant to this investigation, I have learned that Respondent resides or is found at 4128 Utica Ave. South, St. Louis Park, Minnesota 55416.

5. On July 25, 2013, in furtherance of the above investigation of tax liability, and in

accordance with 26 U.S.C. section 7602, I issued an administrative summons, Internal Revenue Service Form 6638, to Respondent, directing her to appear on August 9, 2013, to testify and produce for examination books, papers, records, or other data as described in said summons. A true and correct copy of the summons is attached hereto as **Exhibit A**.

6.   On July 25, 2013, in accordance with 26 U.S.C. section 7603, I served attested copies of the summonses described in paragraph 4 above on Respondent by leaving it at her last and usual place of abode: 4128 Utica Ave. South, St. Louis Park, Minnesota 55416, by affixing it to the front door with tape, as evidenced in the certificate of service on the reverse side of the summons.

7.   Service of notice of the summons on John K. Thornton, is not required as the summons was issued in aid of the collection of tax in accordance with 26 U.S.C. section 7609(c)(2)(D), as evidenced in the certificate of service of notice on the reverse side of the summons.

8.   On July 29, 2013, I received a call from Respondent and a third party identified as Marc Stevens, who claimed he represented Respondent. Marc Stevens was not able to demonstrate he had any credential or power of attorney for Respondent. Marc Steven and Crisandra Thornton asked what authority I relied on which allowed the IRS to have jurisdiction over Crisandra Thornton. I advised both that 26 U.S.C. provided the authority to summons and that they could find the appropriate statutory references on the reverse of the summons. Respondent was informed that she was to appear as directed on the summons and that failure to appear would result in enforcement proceedings.

9.  On August 9, 2013, Respondent did not appear in response to the summons.

10. On August 12, 2013, I received a letter from Respondent stating that she was responding to the summons left at her door. Respondent identified how she and her "associate" Marc Stevens requested evidence that the code applied in this matter. Further, Respondent asserted that spousal privilege does not allow us to contact her or compel testimony. The letter is attached hereto as **Exhibit B**.

11. On August 20, 2013, Respondent was issued a "last chance" letter, giving her an opportunity to comply with the summons by appearing and meeting with me on September 4, 2013. A true and correct copy of this letter is attached hereto as **Exhibit C**.

12. Respondent's refusal to comply with the summons continues to date of this declaration.

13. The books, papers, records, or other data sought by the summons are not already in the possession of the Internal Revenue Service.

14. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

15. It is necessary to obtain the testimony and examine the books, papers, records, or other data sought by the summons in order to properly investigate the collectability of federal tax liability of John K. Thornton for the calendar years ending 2001, 2002, and 2003.

16. As of the date that the summons was issued and served, and as of the date I signed this declaration, no recommendation for criminal prosecution of Respondent has been made by the IRS to the United States Department of Justice. In addition, no Department

of Justice referral, as described in 26 U.S.C. § 7602(d), is in effect with respect to Respondent.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24TH day of October, 2013.

Jeffrey Wagner
Revenue Officer