Crisandra Thornton
P.O. Box 31258
Mesa, Arizona 85275

United States District Court
District of Minnesota

| | |
|---|---|
| "UNITED STATES OF AMERICA" aka "Jeffrey Wagner"<br><br>    petitioner,<br>vs.<br>Crisandra Thornton,<br>    alleged respondent | Civil docket #13-mc-86 (SRN/TNL)<br><br>Motion to strike/dismiss |

Now Comes Crisandra Thornton, alleged defendant, by special appearance and under threat, duress and coercion, not submitting to Tony N. Leung's asserted jurisdiction over me, who hereby moves this court to strike/dismiss the complaint filed on behalf of Jeffrey Wagner for a lack of standing and jurisdiction. Grounds are further set forth below.

1. <u>Order to show cause done *ex parte*</u>. Notwithstanding it's unfair to coerce my participation in this court, insult is added to injury by doing it *ex parte*; not even a pretense of fairness. This is evidence of bad faith, as Jeffrey and his co-conspirators only wanted an order without disclosure of Jeffrey's pattern of dishonesty and now perjury (facts provided detail below).

Tony N. Leung is supposed to be bound by due process obligations to not make demands on me until after notice and opportunity to defend. This is to ensure innocent people are not subjected to persecution at the whims of a chronic violator of 18 USC § 1001 such as Jeffrey Wagner.

2. <u>False statements and now perjury</u>. Jeffrey and his supervisors are currently being investigated by the Treasury Inspector General for Tax Administration (TIGTA) by Jeff Stotko of the St. Paul office. Jeffrey has a history of bad faith and dishonesty. Jeffrey has claimed numerous times in

person and in writing my husband and I raised a frivolous argument. John repeatedly asked Jeffrey for evidence the constitution and code apply and Jeffrey deliberately called the question a "frivolous argument". He then handed John an eighty-page document containing frivolous arguments. Jeffrey has refused to identify the page number where asking for evidence is a "frivolous argument." He cannot because questions of evidence are not arguments, frivolous or otherwise.

3. <u>No justiciable case or controversy</u>. The complaint does not present a justiciable case or controversy, so there is no standing to complain. All Wilhelm filed was a prayer for relief, there is no mentioned I violated anyone's legal rights and caused damage. Wilhelm never alleges he or the alleged plaintiff Jeffrey Wagner, has any right to have me perform anything.

The foundation for standing is article III § 2 of the United States constitution: "The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States..." Standing is required because "courts only adjudicate justiciable controversies." <u>United States v. Interstate Commerce Commission</u>, 337 US 426, 430. The elements of standing are:

> "The requirement of standing, however, has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." <u>Allen v. Wright</u>, 468 U.S. 737, 751 (1984).

> "the duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it." <u>Tyler v. Judges of the Court of Registration</u>, 179 US 405.

To have standing, a plaintiff must allege the violation of a legal right. The plaintiff has not alleged the violation of a legal right. Therefore, there is no standing to complain:

> "The plaintiff must show that he himself is injured by the challenged action of the defendant. The injury may be indirect, see United States v. SCRAP, 412 U.S. 669, 688, 93 S.Ct. 2405, 2416, 37 L.Ed.2d 254 (1973), but the complaint must indicate that the injury is indeed fairly traceable to the defendant's acts or omissions. Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1925-1926, 48 L.Ed.2d 450 (1976); O'Shea v. Littelton, 414 U.S. 488, 498, 94 S.Ct. 669, 677, 38 L.Ed2d 674 (1974); Linda R. S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973)." <u>Vil. of Arlington Hts. v. Metro Housing Dev.</u>, 429 U.S. 252, 262.

The plaintiff has failed to allege both elements of standing. Therefore, there is no justiciable controversy and the plaintiff lacks standing to complain.

4. <u>Lack of jurisdiction</u>. "Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation." <u>National Organization for Women, Inc., v. Scheidler</u>, 510 US 249. As with standing, the foundation of the court's jurisdiction is article III § 2 of the United States constitution: "The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States..."

If the constitution applies to this court, then the court's jurisdiction is limited to "cases". A "case", as shown above, requires an allegation of a legal right being violated and distinct injury caused thereby. The plaintiff has not alleged the violation of a legal right or injury. Therefore, there is no case before the court and the court lacks jurisdiction.

5. <u>The complaint is "unfit for adjudication"</u>. Because American courts are adversary systems, the complaint is "unfit for adjudication":

> "The [Supreme] Court has found unfit for adjudication any cause that "is not in any real sense adversary," that "does not assume the 'honest and actual antagonistic assertion of rights' to be adjudicated..." <u>Poe v. Ullman</u>, 367 U.S. 497, 505 (1961).

This is not an adversary proceeding as there are no allegations I violated anyone's legal rights.

6. <u>No prima facie showing there is a legitimate purpose</u>. There is only a prima facie showing if there are factual allegations in the complaint the constitution and code apply to me. Jeffrey has repeatedly been unable to provide any evidence, only false claims my question is a "frivolous argument." Tony N. Leung had to assume the constitution and laws are applicable to not only assume jurisdiction over me, but to then order me to do anything.

The complaint is fatally flawed as there are no factual allegations the laws in question are applicable to me:

> "First, the tenet that a court must accept a complaint's allegations as true **is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory**

**statements.** Id., at 555. Second, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556. A court considering a motion to dismiss may begin by identifying allegations that, **because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.** When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft, et al. v. Iqbal et al., 556 U.S. 662, 129 S.Ct. 1937 (2008) (emphasis added).

The applicability of the laws must be proven by a preponderance of evidence, not assumptions and opinion. The complaint doesn't even contain conclusory statements the laws are applicable. Tony N. Leung is required to assume there is no jurisdiction until it is proven by competent proof, not just opinions and certainly not *ex parte* on behalf of a perjurer as he did:

> "Federal courts are courts of limited jurisdiction…It is to be presumed that a cause lies outside this limited jurisdiction…"If a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188, 189 S., 56 S.Ct. 780, 784, 785; KVOS, Inc. v. Associated Press, 299 U.S. 269, 278, 57 S.Ct 197, 200. Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 729. Thomson v. Gaskill, 298 U.S. 178, 182-183 (1936)." Kokkonen v. Guardian Life Ins., 511 U.S. 375 (1994).

Further evidence it is not for a legitimate purpose is that Jeffrey persists in forcing me to testify against my husband. Jeffrey and Wilhelm both know this is not permissible, United States. v. Porter, 986 F.2d. 1014, 1018 (6th Cir. 1993); United Sates v. Marashi, 913 F.2d. 724, 729 (9th Cir. 1990)].

## Conclusion

Because the order was made *ex parte*, there was no presumption the complaint lies outside the court's limited jurisdiction, there is no evidence proving the constitution and code apply to establish jurisdiction, petitioner has failed to allege the required elements to establish standing to complain, there is no justiciable case, there are no true adversaries, the complaint should be dismissed.

Further, Jeffrey and his accomplices should be investigated for perjury.

Submitted this 27 day of November 2013

*Crisandra Thornton*
Crisandra Thornton

## Certificate of service

This is to certify that a true and correct copy of the foregoing has been mailed this 27 day of November 2013, to the plaintiff at the following address:

D. Gerald Wilhelm Assistant US attorney
U.S. Courthouse
300 S 4th Street
Suite 600
Minneapolis, MN 55415

*Crisandra Thornton*
Crisandra Thornton