**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Civil Action No. 13-mc-86 (SRN/TNL)**

UNITED STATES OF AMERICA,

    Petitioner,

v.  **REPORT & RECOMMENDATION**

CRISANDRA THORNTON,

    Respondent.

---

D. Gerald Wilhelm, Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street, Minneapolis, MN 55415, for Petitioner; and

Crisandra J. Thornton, 4128 Utica Avenue South, St. Louis Park, MN 55416, *pro se* Respondent.

---

## I.   INTRODUCTION

This matter is before the Court, Magistrate Judge Tony N. Leung, on Petitioner United States of America's ("the Government") Petition to Enforce Internal Revenue Service Summons, (ECF No. 1), and Respondent Crisandra Thornton's "Motion to strike/dismiss," (ECF No. 5). This action has been referred to the undersigned magistrate judge for report and recommendation to the Honorable Susan Richard Nelson, United States District Court Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.2(B).  Based upon the files, records and proceedings herein, this Court will recommend that Respondent's Motion to Dismiss be denied and the Petitioner's Summons be enforced.

1

**II.     FACTS**

Jeffrey Wagner,[1] in his capacity as a revenue officer, is investigating into income tax liability of John K. Thornton for the calendar years 2001, 2002, and 2003.  (Wagner Decl. ¶ 3, ECF No. 2.)  Respondent, John K. Thornton's spouse, has possession and control of testimony and other documents concerning the investigation.  (Petition ¶ 4, ECF No. 1.)

On July 25, 2013, in accordance with section 7602 and section 7603 of the Internal Revenue Code, Wagner served an IRS Summons directing Respondent to appear before him on August 9, 2013, to testify and produce books, records, and other data described in the Summons.  (Wagner Decl. ¶¶ 5-6; Ex. A, ECF No. 2.)  Respondent did not appear at the time and place directed on the Summons.  (Wagner Decl. ¶ 9.)

On July 29, 2013, Wagner received a phone call from Respondent and a third party identified as Marc Stevens, who claimed to represent Respondent.  (*Id.* ¶ 8.)  Mr. Stevens was unable to demonstrate that he was an attorney.  (*Id.*)  Respondent and Mr. Stevens asked what authority gave the IRS jurisdiction over Respondent.  (*Id.*)  Wagner informed them that Title 26 of the United States Code provided him with authority to summon individuals.  (*Id.*)  Respondent was informed that failure to appear as directed by the Summons would result in enforcement proceedings.  (*Id.*)

On August 12, 2013, Wagner received a letter from Respondent.  (*Id.* ¶ 10; Ex. B, ECF No. 2.)  In the letter, Respondent and her "associate," Mr. Stevens, said they had asked for "evidence" that the Internal Revenue Code provides the Government with the authority to summon Respondent and they had not received it, and they contended that the spousal

---

[1] Jeffrey Wagner is a pseudonym the Revenue Officer uses in his official capacity as an officer of the IRS.

privilege does not allow the IRS to compel her testimony concerning her husband's potential tax liability. (*Id.*)

On August 20, 2013, Wagner sent a "last chance" letter to Respondent. The letter gave her a second opportunity to comply with the Summons on September 4, 2013. (*Id.* ¶ 11; Ex. C, ECF No. 2.) Respondent did not attend the meeting, and her refusal to comply with the Summons continues to date. (*Id.* ¶ 12).

On October 25, 2013, the Government filed a Petition to Enforce Internal Revenue Service Summons. (ECF No. 1.) Relying on *United States v. Powell*, 379 U.S. 48, 57-58 (1964), the Court determined that the Government made a prima facie showing in its Petition and ordered Respondent to show cause why she should not be compelled to obey the Internal Revenue Summons issued to her on July 25, 2013. (ECF No. 4.) On November 27, 2013, Respondent filed a "Motion to strike/dismiss." (ECF No. 5.) The Court heard oral argument on the Order to Show Cause on December 11, 2013, and on Respondent's Motion to Dismiss on Monday, January 27, 2014. (*See* ECF Nos. 11, 16.)

### III.   DISCUSSION

#### A.   MOTION TO DISMISS

##### 1.   Standard of Review

A motion to dismiss for lack of subject matter jurisdiction may take two forms. *Sierra Club v. Clinton*, 689 F. Supp. 2d 1147, 1154 (D. Minn. 2010). When the challenge is factual, the court may rely on documents outside the pleadings and the specific factual circumstances surrounding the claim at issue. *Id.* When the challenge is facial, the court assumes all facts in the pleadings are true and views them in the light most favorable to the non-moving party. *Id.*

(citing *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)).   Here, Respondent raises one factual challenge and several facial challenges.

### 2. Respondent's Factual Challenge Fails

Respondent factually challenges the basis of the Petition and Wagner's Declaration by making the conclusory statement that Wagner "has a history of bad faith and dishonesty." (Motion to Dismiss ¶ 2.)  Respondent provides no facts to support this serious allegation. Therefore, the Court will not conclude that this allegation is true, and Respondent's factual challenge fails.

### 3. Respondent's Facial Challenges Fail

With respect to her facial challenges, Respondent argues that the Court does not have subject matter jurisdiction because (1) there is no "evidence" that the Government has the authority to issue summonses, and (2) there is no case or controversy before the Court.

#### a. The Internal Revenue Code and the Constitution Give the Government the Authority to Summon Respondent

The Constitution of the United States is "the supreme law of the land." U.S. Const. art. VI, cl. 2.  It provides that "[a]ll legislative powers herein shall be vested in a Congress of the United States." U.S. Const. art. I, § 1.  This legislative power explicitly includes the authority to make laws to "lay and collect Taxes." U.S. Const. art. I, § 8, cl. 1.  The only requirement the guarantee of Due Process imposes upon Congress when it is enacting laws is that it shall not be "unreasonable, arbitrary or capricious." *PruneYard Shopping Ctr. v. Robins*, 447 U.S. 74, 85 (1980) (quoting *Nebbia v. New York*, 291 U.S. 502, 510-511 (1934)).  Congress may not delegate the power to make laws, but it "may delegate to others the authority or discretion to execute the law under and in pursuance of its terms." *Loving v. United States*, 517 U.S. 748, 749 (1996) (citing *Marshall Field & Co. v. Clark*, 143 U.S. 649, 692 (1892)).

Congress delegated the authority to issue summonses to the Secretary of Treasury in the Internal Revenue Code:

> For the purpose of . . . determining the liability of any person for any internal revenue tax . . . the Secretary is authorized . . . [t]o summon the person liable for tax or required to perform the act . . . or any other person the Secretary may deem proper to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony under oath, as may be relevant or material to such inquiry. . . .

I.R.C. § 7602(a). The Secretary then delegated the power to issue summonses to the Internal Revenue Service. 26 C.F.R. § 301.7602-1; Treas. Reg. § 301.7602-1. "The delegation of authority down the chain of command, from the Secretary, to the Commissioner of Internal Revenue, to local IRS employees constitutes a valid delegation by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees." *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir. 1992) (citing 26 C.F.R. § 301.7701-9). In light of this "valid delegation," Respondent's argument that she does not have to comply with the Summons because the Government has presented no "evidence" that it has the authority to issue summonses is unpersuasive. Congress authorized the IRS to issue summonses to investigate tax liability. Wagner, an IRS Revenue Officer, may accordingly issue summonses like the one at issue in this matter as authorized by Congress and the United States Constitution.

### b. This Court Has Jurisdiction

Respondent's second facial challenge asserts that the Court does not have jurisdiction because there is no case or controversy before it. The Court, having been ordained and established by Congress, has jurisdiction over cases and controversies involving the laws of the

United States in which the United States is a party, subject to the jurisdictional boundaries determined by Congress. U.S. Const. art. III, § 2. The Internal Revenue Code provides:

> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

I.R.C. §§ 7402(b), 7604(a). Because Respondent lives within the District of Minnesota, she is within the jurisdictional boundaries of the Court. (Petition ¶ 5; Wagner Decl. ¶ 4.) Therefore, the Court has jurisdiction to enforce the Summons.

Respondent argues that no case or controversy exists because the Government did not allege that she "violated [someone's] legal rights and caused damage." (Motion to Dismiss ¶ 3). *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (explaining that the case or controversy requirement arises from the Constitution and that the requirement is not fulfilled unless a legally protected interest belonging to one of the parties was invaded). As set forth above, however, Congress has given the IRS the legal right to summon "the person liable for tax or required to perform the act . . . or *any other person* the Secretary may deem proper" to investigate tax liability. I.R.C. § 7602(a) (emphasis added). In its petition, the Government pleaded that it has a legal right to summon Respondent to investigate tax liability, (Petition ¶¶ 2-3; Wagner Decl. ¶5), and that Respondent refused to comply with the Summons in violation of Federal Law. (Petition ¶ 10; Wagner Decl. ¶12.) Accordingly, there is a justiciable case or controversy before the Court as required by the Constitution, and Respondent's Motion to Dismiss must denied.

B. **PETITION TO ENFORCE SUMMONS**

Because the Government has the authority to issue summonses and this Court has jurisdiction, the Court must examine whether the Summons issued in this case is enforceable.

1. **Standard of Review**

For a summons to be enforceable, the Government "must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed . . . ." *Powell*, 379 U.S. at 57-58. In order to establish a prima facie case,[2] the Government need only provide a "minimal showing of good faith compliance with summons requirements." *United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005) (citing *United States v. Moon,* 616 F.2d 1043, 1046 (8th Cir.1980)). Proof of each requirement may be provided through the affidavit of an IRS agent. *Id*. Once the Government makes a prima facie showing for enforcement, the burden shifts to respondent to prove that the Petition is an abuse of court process. *United States v. Meininger,* 101 F.R.D. 700, 703 (D. Neb. 1984) (citing *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316 (1977)).

An abuse of process occurs when a summons is issued "for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58. The taxpayer carries a "heavy" burden to prove that the IRS has abused the court's process. *See United States v. Stuart*, 489 U.S. 353, 360 (1989). The taxpayer must "disprove the actual existence of a valid . . . collection purpose by the Service," *LaSalle Nat'l Bank*, 437 U.S. at 316,

---

[2] Respondent's argument that the Petition should be dismissed for failure to state a claim is a different way of saying that the government has failed to make a prima facie showing in its Petition. Accordingly, this Court will consider the two arguments together.

by presenting "*specific facts* from which the court could infer a significant possibility of wrongful conduct by the government." *Jungles v. United States,* 634 F. Supp. 585, 586 (N.D. Ill.1986) (emphasis added).

### 2. The Government Made a Prima Facie Showing

The Government issued the Summons to investigate the tax liability of John K. Thornton, Respondent's spouse. (Petition ¶¶ 3-4; Wagner Decl. ¶ 3.) The Government represented to the Court that Respondent is in possession and control of testimony and documents concerning Mr. Thornton's tax liability. *See* I.R.C. § 7602(a). The Government provided that it is necessary to obtain the testimony and examine the books, papers, records, or other data sought by the Summons in order to properly investigate Mr. Thornton's tax liability. (Petition ¶ 13; Wagner Decl. ¶ 15.) The Government also represented that it does not have possession of the information requested in the Summons and that it followed all of the administrative steps required by the Internal Revenue Code. (Petition ¶ 12; Wagner Decl. ¶ 14.) Based on the foregoing, the Court determines that the Government sufficiently pled each element required for a prima facie showing and that the Government's inquiry is relevant to the legitimate purpose of investigating Mr. Thornton's tax liability.

Respondent also argues that forcing her to testify against her husband violates spousal privilege. There are two types of spousal privilege: (1) the confidential marital communications privilege, and (2) the adverse spousal testimony privilege. *See, e.g.*, *United States v. Porter*, 986 F.2d 1014, 1018 (6th Cir. 1993). These privileges are "strictly construed and accepted 'only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for

ascertaining truth.'"  *Trammel v. United States*, 445 U.S. 40, 50 (1980) (quoting *Elkins v. United States*, 364 U.S. 206, 234 (1960) (Frankfurter, J., dissenting)).

The United States Supreme Court has implied that spousal privileges are only applicable in criminal cases.  *Hawkins v. United States*, 358 U.S. 74, 77 (1958) ("[T]he law has refused to pit wife against husband or husband against wife in a trial where life or liberty is at stake. . . ."), *holding modified by Trammel*, 445 U.S. at 53.  This Court, however, need not determine whether the spousal privileges extend to civil tax cases because Respondent has not met her burden to prove that either privilege applies to the facts of this case.

The confidential marital communications privilege prevents one spouse from disclosing confidential communications made between spouses during the marriage.  *Id.*  For this privilege to apply, the communication (1) must be made during a valid marriage recognized by state law; (2) must be an utterance or expression intended by one spouse to convey a message to the other, and (3) must be made in confidence.  *Id*.  As it applies to the facts of this case, Respondent must show that producing the requested testimony and records would reveal utterances or expressions intended by one spouse to convey a confidential message to the other.  *United States v. Cotton*, 567 F.2d 958, 959 (10th Cir. 1977); *Shisler v. United States*, No. 5:99 CV 0744, 1999 WL 744069, at *1, *2 (N.D. Ohio Aug. 13, 1999).  *Cf. United States v. Blackman*, 72 F.3d 1418, 1426 (9th Cir. 1995) (holding that respondent failed to establish that disclosure of clients' identities would reveal confidential professional information so the attorney-client privilege did not prevent disclosure).  In her Motion to Dismiss, Respondent provided:

> Further evidence it is not for a legitimate purpose is that Jeffrey [Wagner] persists in forcing me to testify against my husband. Jeffrey [Wagner] and Wilhelm both know this is not permissible, *United States v. Porter*, 986 F.2d 1014, 1018 (6th Cir. 1993); *United States v. Marashi*, 913 F.2d. 724, 729 (9th Cir. 1990)].

9

(Motion to Dismiss ¶ 6) (typographical errors in original).  Respondent's two-sentence long spousal privilege argument fails to show that responding to the Summons would disclose confidential marital communications.

The adverse spousal testimony privilege protects one spouse from being compelled to testify adversely against the other.  *Porter*, 986 F.2d at 1018.  The Eighth Circuit has stated, however, that this privilege is not available if respondent fails to prove that their anticipated testimony would in fact be adverse to the other spouse's protected interests.  *See In re Martenson*, 779 F.2d 461, 463 (8th Cir. 1985).  Respondent states that the Government "persists in forcing me to testify against my husband," (Motion to Dismiss ¶ 6), but she has not shown how testifying will be adverse to her husband's interests.  For example, Respondent has not offered anything to show that her testimony is "intimately connected" with a prospective criminal prosecution of Mr. Thornton.  *See In re Martenson*, 779 F.2d at 463-64.  Nor did she prove that she is invoking the privilege to protect more than Mr. Thornton's property interests. *See id.* at 464.  Respondent had the opportunity to present this Court with specific, concrete threats to her husband's protected interests and she failed to do so.  *See id.* at 463-64.  Accordingly, Respondent failed to prove that the Summons was issued for an illegitimate purpose, and this Court will enforce the Government's Summons.

### 3. Specific Enforcement Terms

At oral argument, the Government requested that the Court impose specific enforcement terms—such as the time and place for appearance—to ensure that Respondent complies with the Summons.  A summons enforcement proceeding is a limited hearing.  *See United States v. Kis*, 658 F.2d 526, 535 (7th Cir. 1981).  "The sole reason for the proceeding[]. . . is to ensure that the IRS has issued the summons for proper investigatory purposes . . . and not for some illegitimate

purpose . . . ." *Id*.  The Court has determined that the Summons was issued for a legitimate purpose.  The Government has not demonstrated that any extraordinary circumstances exist that justify court ordered enforcement terms at this time.  Accordingly, the undersigned will not recommend specific enforcement terms.

## IV.   RECOMMENDATION

Based on the foregoing, the record, and memoranda, **IT IS HEREBY RECOMMENDED** that Respondent's Motion to Dismiss (ECF No. 5) be **DENIED** and Petitioner's Internal Revenue Service Summons (ECF No. 1) be **ENFORCED**.

Date:   April  9, 2014
s/ Tony N. Leung
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Thornton*
File No. 13-mc-86 (SRN/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **May 10, 2014.**