# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>   Petitioner,<br><br>v.<br><br>Crisandra J. Thornton,<br><br>   Respondent. | Case No. 13-mc-86 (SRN/TNL)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

D. Gerald Wilhelm, Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street, Minneapolis, MN 55415, for Petitioner; and

Crisandra J. Thornton, 4128 Utica Avenue South, St. Louis Park, MN 55416, Pro Se.

| | |
|---|---|
| United States of America,<br><br>   Petitioner,<br><br>v.<br><br>John K. Thornton,<br><br>   Respondent. | Case No. 13-mc-87 (SRN/TNL)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

D. Gerald Wilhelm, Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street, Minneapolis, MN 55415, for Petitioner; and

John K. Thornton, 4128 Utica Avenue South, St. Louis Park, MN 55416, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the Court on Respondents' objections (J. Thornton Obj. [Doc. No. 22]; C. Thornton Obj. [Doc. No. 18]) to the April 9, 2014, Report and Recommendations ("R&Rs") issued in their respective cases. (J. Thornton R & R [Doc. No. 21]; C. Thornton R & R [Doc. No. 17].)  United States Magistrate Judge Tony N. Leung recommended that this Court deny Respondents' Motions to Dismiss (J. Thornton Mot. to Dismiss [Doc. Nos. 5, 14]; C. Thornton Mot. to Dismiss [Doc. No. 5]) and enforce Petitioner's Internal Revenue Service ("IRS") Summonses [Doc. No. 1].  (J. Thornton R & R at 9 [Doc. No. 21]; C. Thornton R & R at 11 [Doc. No. 17].)  For the reasons set forth below, Respondents' objections are overruled and the Court adopts both R & Rs in their entirety.

## II. BACKGROUND

IRS Revenue Officer Jeffrey Wagner ("Wagner") is conducting an investigation into the tax liability of Respondent John K. Thornton for the years 2001–2012.  (J. Thornton Pet. ¶ 4 [Doc. No. 1]; J. Thornton Wagner Decl. ¶ 3 [Doc. No. 2].)  Respondent Crisandra J. Thornton is Mr. Thornton's spouse.  On July 25, 2013, and August 13, 2013, Wagner issued and personally served on Mr. and Mrs. Thornton two IRS administrative summonses, directing the parties to appear at the IRS office located in Bloomington, Minnesota. (J.Thornton Pet. ¶¶ 6–7 [Doc. No. 1].)

The Summonses directed both Mr. and Mrs. Thornton to appear before Wagner on

August 9, 2013, and September 4, 2013, to testify and produce records, books, and other related data. (Id.) The first Summons related to the IRS's investigation of Mr. Thornton's income tax liability for the calendar years ending 2001, 2002, and 2003. (J. Thornton Wagner Decl. ¶ 20 [Doc. No. 2].) The second Summons related to the IRS's investigation regarding delinquent individual income tax returns for the calendar years ending 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, and 2012. (Id.)

On July 29, 2013, and July 30, 2013, Wagner received phone calls from Mr. and Mrs. Thornton and a third party identified as Marc Stevens. (C. Thornton Wagner Decl. ¶ 8 [Doc. No. 2; J. Thornton Wagner Decl. ¶ 10 [Doc. No. 2].) Mr. Stevens claimed to represent Mr. and Mrs. Thornton but was unable to demonstrate that he was an attorney. (J. Thornton Wagner Decl. ¶ 10 [Doc. No. 2].) During the calls, Wagner informed Mr. and Mrs. Thornton that failure to appear as directed by the Summonses would result in enforcement proceedings. (Id.) On August 6, 2013, at Mr. Thornton's request, Wagner sent a letter to Mr. Thornton rescheduling the appearance date of the first Summons to August 13, 2013. (Id. at ¶ 12, Ex. C.)

On August 13, 2013, Mr. Thornton appeared in accordance with the first Summons, accompanied by two men who identified themselves as Marc Stevens and John Thomas, neither of whom is licensed to practice law. (J. Thornton Pet. ¶ 9 [Doc. No. 1].) Mr. Thornton refused to take the required oath and demanded that Wagner provide evidence demonstrating that the Internal Revenue Code and Constitution applied to him. (Id.) Again, Wagner informed Mr. Thornton that failure to comply would result in enforcement

3

proceedings. (J. Thornton Wagner Decl. ¶ 13 [Doc. No. 2].) Mr. Thornton continued to refuse to take the oath or provide the requested documentation. (Id.)

On August 20, 2013, Wagner sent Mrs. Thornton a "last chance" letter, providing her another opportunity to comply with the Summonses by appearing before Wagner on September 4, 2013 with the requested documentation. (C. Thornton Wagner Decl. ¶ 11, Ex. C [Doc. No. 2].) Mrs. Thornton failed to appear and her refusal to comply with both Summonses continues to date. (Id. at ¶ 12.)

The following day, Wagner sent Mr. Thornton a "last chance" letter, providing him another opportunity to comply with the Summonses by appearing before Wagner on September 4, 2013 with the requested documentation. (J. Thornton Wagner Decl. ¶ 14, Ex. D [Doc. No. 2].) Mr. Thornton failed to appear and his refusal to comply with both Summonses continues to date. (Id. at ¶¶ 15, 17.)

On October 25, 2013, the Government filed Petitions to Enforce Internal Revenue Service Summons [J. Thornton Doc. No. 1; C. Thornton Doc. No 1]. This Court concluded that Petitioner made a prima facie showing in its Petitions and ordered Mr. and Mrs. Thornton to show cause why they should not be compelled to obey the Summonses. (J. Thornton Order at ¶ 1 [Doc. No. 4]; C. Thornton Order at ¶ 1 [Doc. No. 4].) On November 14, 2013, Mr. Thornton filed a "Motion to strike/dismiss" [J. Thornton Doc. No. 5]. On November 27, 2013, Mrs. Thornton filed a "Motion to strike/dismiss" [C. Thornton Doc. No. 5]. The court heard oral argument on the Orders to Show Cause on December 11, 2013, and on Respondents' Motions to Dismiss on January 27, 2014. On April 9, 2014,

United States Magistrate Judge Tony N. Leung issued his Report and Recommendations in the respective cases. (J. Thornton R &R [Doc. No. 21]; C. Thornton R & R [Doc. No. 17].)

### III.  DISCUSSION

#### A.  Standard of Review

The district court reviews de novo those portions of the R & R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b).

#### B.  Objections

Respondents' objections to the R & Rs were timely filed on May 9, 2014. (J. Thornton Obj. [Doc. No. 22]; C. Thornton Obj. [Doc. No. 18].) The Court gives Respondents' objections the most liberal construction possible in light of their pro se status. Even the most liberal construction, however, cannot cure the inherent flaws in Respondents' objections.

##### 1.  Mr. Thornton's Objections

Mr. Thornton's "Motion to strike/dismiss" argued primarily that this Court lacked subject-matter jurisdiction because there was "no justiciable case or controversy." (J. Thornton's Mot. to Dismiss at 2 [Doc. No. 5].) Magistrate Judge Leung's R & R addressed this issue, finding that Congress has vested in the IRS the legal right to summons individuals when investigating tax liability and that Mr. Thornton's refusal to comply with the Summonses violated federal law—creating a justiciable case or

controversy within the district court's jurisdiction.  (J. Thornton R & R at 6–7 [Doc. No. 21]) (citing I.R.C. § 7602(a)).

In his objections to the R & R, Mr. Thornton argues that Magistrate Judge Leung has misstated his primary argument.  (J. Thornton Obj. at ¶ 3 [Doc. No. 22].)  Mr. Thornton appears to assert that his argument is not that "there is no evidence that the Government has the authority to issue summonses" but rather that there is "no evidence proving the [United States] Constitution and [Internal Revenue] Code apply to [him]."  (Id.)  If this is, in fact, Mr. Thornton's argument, it also fails. Mr. Thornton is a citizen of the United States, residing in St. Louis Park, Minnesota.[1]  (J. Thornton Pet. ¶ 3 [Doc. No. 1].)  By virtue of his citizenship, Mr. Thornton is bound by the laws of the United States and its Constitution.  This includes Congress' power and authority to make laws to "lay and collect Taxes."  U.S. Const. art I, § 1.  Accordingly, his objection that the Constitution and Internal Revenue Code are inapplicable to him lacks merit.

Mr. Thornton also objects to Magistrate Judge Leung's finding that "[b]ecause Respondent lives within the District of Minnesota he is within the jurisdictional boundaries of the Court" giving this Court the authority to enforce the Summonses.  (J. Thornton Obj. at ¶ 4 [Doc. No. 22]) (citing J. Thornton R & R at 6 [Doc. No. 21].)  This objection is also without merit. The Internal Revenue Code provides:

> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the

---

[1] Wagner served Mr. Thornton at his last known and usual place of residence in St. Louis Park, Minnesota.  Mr. Thornton's "Motion to strike/dismiss" listed a P.O. Box address in Mesa, Arizona.  It is believed that at all time relevant to this matter, Mr. Thornton was a resident of Minnesota.  He does not argue that he is a resident of Arizona.

district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

I.R.C. § 7402(b). Both Summonses were issued in Minnesota. (J. Thornton Wagner Decl. ¶¶ 5–6 [Doc. No. 2].) Wagner personally served both Summonses upon Mr. Thornton at his residence in St. Louis Park, Minnesota. (Id.) Without question, the Court has properly established jurisdiction with respect to Mr. Thornton under I.R.C. § 7402(b).

### 2. Mrs. Thornton's Objections

Mrs. Thornton asserts the same objections as Mr. Thornton (C. Thornton Obj. at ¶¶ 1–5 [Doc. No. 18]), with one exception: Mrs. Thornton objects to Magistrate Judge Leung's finding that she failed to meet her burden of proof with respect to the applicability of spousal privilege. (Id. at ¶ 8.) Mrs. Thornton's spousal privilege argument from her Motion to Dismiss is provided below in its entirety:

> Further evidence it is not for a legitimate purpose is that Jeffrey persists in forcing me to testify against my husband. Jeffrey [Wagner] and [Assistant United States Attorney] Wilhelm both know this is not permissible, United States v. Porter, 986 F.2d. 1014, 1018 (6th Cir. 1993); United States v. Marashi, 913 F.2d. 724, 729 (9th Cir. 1990)].

(C. Thornton Mot. to Dismiss at ¶ 6 [Doc. No. 5]) (typographical errors in original). Magistrate Judge Leung correctly concluded that Mrs. Thornton's conclusory statements did not meet the burden required to assert spousal privilege. (C. Thornton R & R at 10 [Doc. No. 17].)

Under the Eighth Circuit's decision in In re Martenson, to successfully assert the privilege, Mrs. Thornton must demonstrate that her anticipated testimony would, in fact, be

adverse to a protected interest of her spouse.  779 F.2d 461, 463 (8th Cir. 1985).  In her objections to the R & R, Mrs. Thornton states only that "[b]eing coerced is ALWAYS against our interests." (C. Thornton Obj. at ¶ 8 [Doc. No. 18].)   This conclusory statement again fails to meet the burden of proof necessary to assert spousal privilege.  Accordingly, Mrs. Thornton's objection lacks merit.

The Court has conducted a de novo review of the record and, for all the reasons set forth herein, finds that the R & Rs are fully supported by law and fact.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Respondents' objections (J. Thornton, 13-mc-87 [Doc. No. 22]; C. Thornton, 13-mc-86 [Doc. No. 18]) to Magistrate Judge Tony N. Leung's April 9, 2014 Report and Recommendations are **OVERRULED**;

2. Magistrate Judge Tony N. Leung's April 9, 2014 Report and Recommendations (J. Thornton, 13-mc-87 [Doc. No. 21]; C. Thornton, 13-mc-86 [Doc. No. 17]) are **ADOPTED**;

3. Respondents' Motions to Dismiss (J. Thornton, 13-mc-87 [Doc. Nos. 5, 14]; C. Thornton, 13-mc-86 [Doc. No. 5]) are **DENIED**;

4. Petitioner's Internal Revenue Service Summonses (J. Thornton, 13-mc-87 [Doc. No. 1]; C. Thornton, 13-mc-86 [Doc. No. 1]) shall be **ENFORCED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 1, 2014              s/Susan Richard Nelson
                                    SUSAN RICHARD NELSON
                                    United States District Judge