UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 13-mc-86 (SRN/TNL) |
| Petitioner, | |
| | **ORDER** |
| v. | |
| Crisandra J. Thornton, | |
| Respondent. | |

---

This matter is before the Court, Magistrate Judge Tony N. Leung, on Respondent Crisandra J. Thornton's Motion to Vacate the Order to Show Cause (ECF No. 38). Respondent seeks to vacate this Court's September 30, 2014 Order to Show Cause, ordering Respondent to appear before this Court on November 4, 2014, and show cause why she should not be held in contempt for violating a court order. (*See id.*; *see also* ECF No. 33.) Respondent argues that this Court's order violates her due process rights because (1) the Government's Motion for and Order to Show Cause was made *ex parte*, and (2) Respondent did not have an opportunity to oppose the Motion. (ECF No. 38.)

Courts have the inherent power to enforce compliance with their own orders by contempt proceedings. *E.g.*, *Shillitani v. United States*, 384 U.S. 364, 370 (1966); Moreover, courts have the statutory authority to employ contempt proceedings to enforce its orders concerning IRS summons enforcement. 26 U.S.C. § 7604.  A  party  petitioning for civil contempt

> must prove by clear and convincing evidence that the respondent violated a court order. *Northside Realty Assocs. v. United States*,

1

> 605 F.2d 1348, 1352 (5th Cir. 1979). Once a prima facie showing of violation has been made, the respondent can defend his failure on the grounds that he was unable to comply. *Maggio v. Zeitz*, 333 U.S. 56, 75-76 (1948). To succeed on this defense, however, the respondent must go beyond a mere assertion of inability and satisfy his burden of production on the point by introducing evidence in support of his claim. *United States v. Rylander*, 460 U.S. 752, 757 (1983). . . . [A] party under court order to produce documents has "a duty to make in good faith all reasonable efforts to comply." *United States v. Rizzo*, 539 F.2d 458, 465 (5th Cir. 1976) (quoting *United States v. Ryan*, 403 U.S. 530, 534 (1971)). Thus, unless respondent introduces some evidence to suggest that he has made all reasonable efforts to comply, his claimed inability to produce will not rebut the prima facie showing of non-compliance.

*United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984) (footnote omitted). The obedience of judicial orders is "of paramount importance," and courts do not lightly excuse a party's failure to comply with a clear court order. *Id.* at 726.

Here, the Government has asserted that Respondent has failed to comply with a valid court order and supported its assertion with the affidavit of an IRS agent. The Court determined that the Government had made a prima facie showing of a violation. At this point, to protect Respondent's due process rights and to provide her with a full and fair opportunity to be heard and challenge the Government's showing, a show-cause hearing is appropriate.

Accordingly, based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondent's Motion to Vacate (ECF No. 38) is **DENIED**;

2. All prior consistent Orders remain in full force and effect; and

3. Failure to comply with any provision of this Order or any other consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that the Court may from time to time deem appropriate.

Date:  October 8, 2014    s/ Tony N. Leung
                          Tony N. Leung
                          United States Magistrate Judge
                          District of Minnesota

                          *United States v. Thornton*
                          File No. 12-mc-86 (SRN/TNL)